UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARCUS M. PLIKERD,

    Plaintiff,

vs.

SOLUTIONS THROUGH INNOVATIVE
TECHNOLOGIES, INC., *et al.*,

    Defendants.

Case No. 3:15-cv-185

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**CONSENT PROTECTIVE ORDER**

WHEREAS the parties hereto have been and may be requested to produce or disclose through discovery certain materials and information, which they maintain is and contains privileged proprietary information, other confidential commercial information, and/or financial or personal information;

AND WHEREAS other parties hereto, while not specifically conceding the privileged or confidential nature of said materials or the consequences of their public disclosure, are being permitted to inspect and obtain said materials and information for use in the course of this litigation;

IT IS THEREFORE ORDERED that:

1.    All written materials produced or disclosed by Plaintiffs and Defendants during pretrial discovery in this action (including, but not limited to, disclosures made pursuant to Rule 26 of the Rules of Civil Procedure, answers to interrogatories, responses to requests for production, responses to requests for admissions, and deposition testimony and deposition exhibits) that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" ("Protected Material") shall be revealed only as provided herein.

By entering this Consent Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court.

2. This Consent Protective Order is specifically designed to protect disclosure and unauthorized communications with regard to the information provided by the STI Defendants in Contract No. FA860-10-D-6055, Amendments thereto, Orders for Supplies or Services, and Proposals between STI and the United States Air Force School of Aerospace Medicine, upon plaintiff's request or any other party or non-party's request. Such materials shall be produced and designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER".

3. If a party contests the assertion that any material qualifies as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER", pursuant to this Consent Protective Order, the contesting party shall notify in writing counsel for the producing or disclosing party and identify the material which is consented. Upon such written notification, the producing or disclosing party shall have thirty (30) days to file a Motion for Protective Order with respect to the contested material. The confidentiality of the contested material shall be maintained in accordance with this Consent Protective Order until and unless the Court rules that the contested material is not entitled to such protection. As to any contested material for which a Motion for Protective Order is not made or the requested relief is denied, that material shall be deemed outside the scope of this Protective Order.

4. A party's attorney may distribute materials protected by this Consent Protective Order or share information obtained from materials protected by this Consent Protective Order with the following categories of persons and no others, except by further order of the Court:

    a. the parties in this case, including their employees and former employees;

    b. members of the legal or support staff of a party's attorneys;

    c. experts and consultants retained by a party's attorneys to assist in

       the evaluation, preparation or testimony in this case, after the attorneys have received a signed NON-DISCLOSURE AGREEMENT in the form of Exhibit "A", signed by the person receiving the material or information;

    d.    the Court, the Court's personnel, witnesses at trial and the jury; and,

    e.    a non-party witness at a deposition; such witness may be shown the protected document and examined on it, but such document and all testimony relating to such document shall be provided only to those persons otherwise entitled to such protected material pursuant to Paragraph 3(a) through 3(d) of this Order, and shall not be retained by such witness.

5.    Upon the exchange of trial exhibits if a party designates as a trial exhibit a document identified by another party as "confidential" under this Protective Order, the party that designated the document as confidential hereunder expressly reserves all rights to file an appropriate motion with the Court to seek adequate protections relating to the confidentiality of such document.  Upon the filing of such a motion, a party may not disclose or submit the "confidential" exhibit at trial or otherwise until such motion is addressed by the Court.

6.    Unless ordered by the court, no party shall disclose information within the scope of this order.  The producing or disclosing party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand.  The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the protected material until ruled upon by a court of competent jurisdiction.

7.    Inadvertent production by any party of protected material, not marked "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL", shall not constitute a waiver of its confidential nature.  Any such material and any copy made of it shall be returned to the producing party immediately upon their request for stamping by the producing party or stamped by the receiving party.  Production of protected material by any party at trial shall not constitute a waiver of the provisions of this Consent Protective Order.

8.    The provisions of this order shall not terminate at the conclusion of this action.  After final conclusion of all aspects of this litigation, all originals and copies of material subject to this

Protective Order which are in a party's possession shall be returned to the party or person which produced the documents or, to the extent documents contain confidential notes of the receiving party or attorney, such documents may be destroyed.  Counsel of record shall deliver certification of compliance to the counsel for the party who produced the documents within sixty (60) days after final termination of this litigation, indicating that the documents have either been returned or destroyed.

9. This order may be modified by the Court *sua sponte*, or upon motion of the parties, for good cause shown.

10. Per authority of *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. Documents filed under seal shall comply with Southern District of Ohio Local Rule 79.3.  This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

Date:   December 22, 2015                              *s/ Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate Judge