IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARCUS PLIKERD** | : | **CASE NO. 3:15-cv-00185** |
| **PLAINTIFF,** | : | **JUDGE THOMAS M. ROSE** |
| v. | : | **MAGISTRATE JUDGE MICHAEL J. NEWMAN** |
| **SOLUTIONS THROUGH INNOVATIVE TECHNOLOGIES, INC., et al.** | : | |
| | : | |
| **DEFENDANTS.** | | |

## ORDER COMPELLING ATTENDANCE OF MILITARY PERSONNEL FOR DEPOSITIONS

The Court conducted a discovery status conference on March 14, 2016, at which time the parties discussed the need for depositions of various United States Air Force personnel to further investigate the claims asserted in this action. Given the need for these depositions, the Court hereby ORDERS the following:

1. The parties have identified multiple employees of the United States Air Force and/or the United States Department of Defense and/or the United States Air Force School of Aerospace Medicine as witnesses in this lawsuit. The depositions of those employees/members, listed below, will be conducted within 30 days of this Order:

   a. **JiaJia B. Lee**

   b. **Linda Armstrong, MS**

   c. **Clarise R. Starr, PhD, Chief**

   d. **Roel Escobar, MS**

   e. **Major Dennis Wooten**

2. During the depositions, the parties shall be entitled to inquire about the knowledge of each witness regarding the employment of Plaintiff Marcus Plikerd with Solutions Through Innovative Technologies, Inc. and/or the United States Air Force School of Aerospace Medicine in relation to Contract Number FA8650-10-D06055 and/or Task Order 6055-019, specifically including, but not limited to the knowledge of each witness regarding:

- the job responsibilities and skill sets required for a Biomedical Lab Technician under the subject Contract and/or Task Order;
- the training provided to Marcus Plikerd;
- the skill set and experience represented and displayed by Marcus Plikerd;
- the work performed by Marcus Plikerd under the subject Contract and/or Task Order and the quality of such work;
- communications with Marcus Plikerd;
- concerns held by various lab employees regarding the job performance and skill set of Marcus Plikerd;
- the decision by the Air Force to not return Marcus Plikerd to his position;
- any USERRA Complaint made by Marcus Plikerd in relation to the subject Contract and/or Task Order; and
- the settlement between Marcus Plikerd and the United States Air Force;

3. The parties are further entitled to inquire about the knowledge of each witness regarding all allegations contained in Plaintiff's Complaint as well as all contacts and/or communications each witness has had with Plaintiff Marcus Plikerd.

4. The parties shall also be entitled to inquire about the knowledge each witness has with regard to communications or contacts with employees or agents of the United States Air Force School of Aerospace Medicine, Solutions Through Innovative Technologies, Inc., the United States Department of Labor, Veterans' Employment & Training Service and any other entity specifically regarding Marcus Plikerd.  This includes all information obtained from any sources whether the information was overheard, read or seen (regardless of media).  The witnesses shall answer all such questions fully and completely, with reference to any materials (such as notes, correspondence or calendars) the witness chooses.

5. During the depositions, the parties shall be entitled to inquire as to the authenticity of certain documents authored by the respective witnesses regarding Marcus Plikerd, including any and all documents produced in Compliance with this Court's Order issued March 16, 2016 and attached hereto as Exhibit A.

6. Any documents identified as exhibits during such depositions shall be redacted so as to withhold any sensitive data or reference to personnel other than Plaintiff.

7. If any of the depositions covered by this Order involve deponents who are outside of the Southern District of Ohio, the party seeking the deposition will make arrangements for all other parties to participate in the deposition by video teleconference.

8. The Court finds the testimony sought as referenced herein does not constitute sensitive or official military information such as would be governed by DOD or other military regulations or guidelines.

9. This Order has the full force of a "Court Order" governing the discovery depositions of the identified employees of the United States Air Force who have been identified as witnesses by the respective parties to this lawsuit.

      SO ORDERED.

      *s/ Michael J. Newman*    4/4/16
      _____
      **MAGISTRATE JUDGE MICHAEL J. NEWMAN**